The CITIES OF BATAVIA ET AL.,
ILLINOIS, Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent,

Commonwealth Edison Company,
Intervenor.

No. 74–1411.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 2, 1976.

Decided Jan. 4, 1977.

Charles F. Wheatley, Jr., Washington, D. C., with whom Grace Powers Monaco, Washington, D. C., was on the brief for petitioners.

James T. McManus, Atty. F. P. C., of the bar of the District of Columbia Court of Appeals, pro hac vice, by special leave of court for respondent. Drexel D. Journey, Gen. Counsel, F. P. C., George W. McHenry, Jr., Sol., at the time the brief was filed, John H. Burnes, Jr., and A. Lee Wallace, Attys., F. P. C., Washington, D. C., also entered appearances for respondent.

Richard G. Ferguson, Paul T. Ruxin and William S. McKay, Jr., Chicago, Ill., were on the brief for intervenor.

Before LEVENTHAL, ROBINSON and WILKEY,* Circuit Judges.

PER CURIAM:

This is a case where cities complained to the Federal Power Commission that the rate charged to them by Commonwealth Edison on interstate sales of electric power subject to the jurisdiction of the Commission were higher than the rates charged by the utility on direct sales to industry, and reflected an anticompetitive program by the utility, one that had the purpose and effect of ousting the cities from sales, on resale, to such industrial consumers. The Commission's order rejecting the complaint appears at 51 F.P.C. 86, *rehearing denied* 51 F.P.C. 978 (1974), and we see no need to spell out the details of the situation.

The Commission ruled that it had no jurisdiction to consider the level of rates charged by Commonwealth Edison to industrial consumers. All parties agree that this Commission ruling is erroneous under the *Conway* doctrine.[1]

Commission counsel argues that the Commission's order should be affirmed on the basis of the Commission's alternative ground, namely, that there is cost justification for the differential between the rate on sales to the cities, which generally take their peak at the same time as the system peak load, and the rate charged on sales to industrials, which generally take their peak load at times different from the system peak.

Under the *Conway* doctrine the Commission function extends not only to consideration of the existence of a difference between jurisdictional and non-jurisdictional rates, but also to the anticompetitive impact of the particular magnitude of rate differential. The Commission's counsel indicates that the amount of the differential set by the Commission is more than justified by the cost differences of the two services. This contention, however, requires a knowledge of the nature of the system's costs, both fixed and variable, as well as the basis for cost calculations. While it may be that an engineer could make the calculation on the basis of the data in the record, we cannot in a case like this proceed on the basis of calculations by counsel any more than we can accept a rationale by counsel that is not in the Commission's findings. Hence the case must be remanded for consideration in the light of *Conway.*

A commission engaged in consideration of rate profiles in the light of *Conway* at the outset may also discern a question as to the reasonableness of a classification that treats all industrials as a single class, distinct from municipals, on the basis of underlying timing of peak load, when the utility's rate structure does not set the demand

---

* Circuit Judge WILKEY did not participate in this case.

1. *FPC v. Conway Corp.*, 426 U.S. 271, 96 S.Ct. 1999, 48 L.Ed.2d 626 (1976).

and energy charges in terms of the time of peak load of the customer. If a substantial number of industrial consumers have their peak load at a time roughly the same as those of the cities, there is a substantial ousting from the market with no difference in conditions of service. And when there is a competitive advantage to the utility in blanketing such industrials along with other industrials (whose peak characteristics may produce cost savings), there is room for concern on the part of the regulating commission.

Since the amount involved in this case is relatively small, relating to a 10 month period five years ago, this may well be a case in which the interests of administration and justice are best served by a settlement between the parties, acceptable to the Commission. Any recurring questions of rate profile can then be determined on a clean record in a situation where the rates will be of ongoing importance and the record can be structured from the start in terms of *Conway* and in conformance with present costs and other circumstances.

The order of the Commission is vacated and the case remanded for further proceedings not inconsistent with this opinion.

*So ordered.*